## H. T. Mattingly *v.* J. O. Mattingly.

**Landlord's Attachment.**

The right of an attachment secured by a landlord against his tenant depends on whether he has reasonable grounds to believe that his debt will be lost unless an attachment issues.

**Attachment.**

A tenant who is an attachment defendant is entitled to make any defense that is available to him in any other kind of an action.

### APPEAL FROM DAVIESS CIRCUIT COURT.

### October 19, 1876.

Opinion by Judge Elliott :

The judgment in this cause is founded on an attachment sued out by appellee for rent. By Sec. 5, Chap. 66, p. 602, Gen. Stat., a landlord is authorized, if his rent be due within a year thereafter, to go before the proper officer of the county in which the rented tenement lies and make affidavit "that there are reasonable grounds for belief, and that he believes that unless an attachment be issued he will lose his rent, and having executed the required bond an attachment shall issue in his favor."

The right to the attachment depends upon the reasonable grounds of belief and the actual belief of the landlord that unless he is aided by this process of attachment he will lose his debt. On the trial of this cause the defendant set up a counterclaim for some $160.65, which he charged he had paid as appellee's surety. This was a good set-off against appellee's claim, and should have been allowed, but was rejected by the court.

The remedy of a landlord by attachment does not deprive his tenant of any defense that he would be entitled to if sued in any other form of action. But we are of opinion that the appellee's grounds of belief that he would lose his debt were not reasonable, but on the contrary were unreasonable and cannot be sustained by this court.

The evidence conduces strongly to the conclusion that the personal property of the appellant then on the leased premises and its immediate vicinity, including his crop of tobacco, was worth from four to seven hundred dollars, and the proof is positive that he sold his tobacco which he owned when the attachment was sued out for $225.00.

If this attachment can be sustained, then any tenant can (as was done in this case) be deprived of the benefit of his contract to pay at the end of the year by the extraordinary remedy of attachment, and be compelled to pay, by said sacrifice of his property, a debt before it is due that he is amply able to pay when due, and when he has property subject to levy, enough to pay double the amount of his rent.

We cannot sanction a judgment sustaining an attachment under circumstances which are conclusive that the appellee by the least inquiry could have ascertained that his tenant's estate was ample for the payment of the rent due on the rented premises.

The judgment was for $200.00, when by the covenant sued on the defendant was only bound for $195.00, and this was error. Wherefore the judgment is *reversed* and cause remanded with directions to quash the attachment in this cause, and for further proceedings consistent herewith.

*W. N. Sweeney, for appellant. Owen & Ellis, for appellee.*

